IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re                                                          :    Chapter 11
                                                               :
CCS Medical, Inc., et al.,                                     :    Case No. 09-12390 (CSS)
                                                               :
                         Debtors.                              :    Jointly Administered
                                                               :    **Ref. Docket No. 275**
---------------------------------------------------------------x

## ORDER PURSUANT TO BANKRUPTCY RULE 3003(c)(3) AND LOCAL RULE 2002-1(e) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF

Upon the motion (the "Motion") of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] for an order, pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2002-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") establishing bar dates for filing proofs of claim and approving the form and manner of notice thereof; and this Court having reviewed the Motion and the pleadings related thereto; and this Court finding that: (i) this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and (iii) notice of the Motion was sufficient under the circumstances; and this Court

---

[1] If applicable, the last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) CCS Acquisition Holding-Sub Corporation (6272); (ii) CCS Medical Holdings, Inc. (6268); (iii) CCS Medical, Inc. (6264); (iv) CCS Star, LLC (N/A); (v) Chronic Care Solutions, Inc. (7604); (vi) DEGC Enterprises (U.S.), Inc. (1823); (vii) KeyMed, Inc. (1442); (viii) Medical Express Depot, Inc. (3507); (ix) Medical Holdings, Inc. (2975); (x) Medship Direct, Inc. (6328); (xi) MedStar Diabetic Supply, LP (5060); (xii) MP TotalCare, Inc. (6364); (xiii) MP TotalCare Medical, Inc. (7392); (xiv) MP TotalCare Services, Inc. (4513); (xv) MP TotalCare Supply, Inc. (2983); (xvi) MPTC Holdings, Inc. (1467); (xvii) Sanvita, Inc. (1766); (xviii) Secure Care Medical, Inc. (0803); (xix) TotalCare Wholesale, Inc. (1760). The Debtors' executive headquarters are located at 14255 49th Street North, Suite 301, Clearwater, FL 33762.

having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, it is hereby:

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is granted.

2. Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

3. Except as otherwise provided herein, all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, estates and trusts) that assert a Prepetition Claim against any of the Debtors shall file a proof of such claim in writing (a "Proof of Claim") so that it is received on or before 4:00 p.m. (prevailing Eastern Time) on November 3, 2009 (the "General Bar Date").

4. Notwithstanding any other provision hereof, governmental units (as defined in section 101(27) of the Bankruptcy Code) that assert a Prepetition Claim against any of the Debtors must file a Proof of Claim on or before 4:00 p.m. (prevailing Eastern Time) on January 4, 2010 (the "Governmental Unit Bar Date").

5. All persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) that assert a claim arising under section 503(b)(9) of the Bankruptcy Code (a "503(b)(9) Claim") against any of the Debtors shall file a 503(b)(9) Proof of Claim in writing so that it is received on or before November 3, 2009 (the "503(b)(9) Bar Date").

6. The following procedures for the filing of Proofs of Claim shall apply:

(i) Prepetition Claims or 503(b)(9) Claims[2] must conform substantially to the Proof of Claim form annexed to the Motion as <u>Exhibit B</u> (which form is hereby approved) or Form No. 10 of the Official Bankruptcy Forms;

(ii) Proofs of Claim shall be filed at the following locations (together, the "Claims Processing Center"):

| **If Delivered by Mail:** | **If Delivered by Overnight or Hand Delivery:** |
|---|---|
| CCS Medical, Inc. Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC FDR Station, P.O. Box 5015 New York, NY 10150-5015 | CCS Medical, Inc. Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC 757 Third Avenue, 3rd Floor New York, NY 10017 |

(iii) Proofs of Claim will be deemed filed only when actually received by the Claims Processing Center on or before the applicable Bar Date;

(iv) Proofs of Claim must (i) be signed, (ii) include supporting documentation (if voluminous, a summary thereof must also be attached), or an explanation as to why documentation is not available, (iii) be in the English language, and (iv) be denominated in United States currency;

(v) Proofs of Claim must specify the name and case number of the Debtor against which the claim is filed. If a party asserts a claim against more than one Debtor or has claims against multiple Debtors, a separate Proof of Claim must be filed with respect to each Debtor against which the holder asserts a claim;

(vi) If any portion of a Proof of Claim asserts a contingent and/or unliquidated claim, such Proof of Claim shall set forth a good faith estimate of the maximum amount of such contingent and/or unliquidated claim, which shall serve as a cap on the amount of such claim to the extent allowed; and

(vii) The Claims Processing Center will <u>not</u> accept Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission.

7. The following persons or entities are **not** required to file Proofs of Claim on account of Prepetition Claims or 503(b)(9) Claims:

---

[2] The 503(b)(9) Proof of Claim form requires any creditor seeking payment of a 503(b)(9) Claim to provide, with specificity: (i) the amount of such creditor's 503(b)(9) Claim; (ii) the particular Debtor against which the 503(b)(9) Claim is asserted; and (iii) the value of the goods that such creditor contends the Debtor received within 20 days before the Petition Date. The 503(b)(9) Proof of Claim form also requires any such creditor to attach documentation identifying the particular invoices supporting such 503(b)(9) Claim.

(i) any entity that has already properly filed a proof of claim against one or more of the Debtors with either Epiq or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware;

(ii) any entity: (i) whose claim is listed in the Schedules or any amendments thereto, and (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or classification of its claim as set forth in the Schedules;

(iii) professionals retained by the Debtors or any statutorily appointed committee in these cases pursuant to orders of this Court, including Epiq, who assert administrative expense claims for payment of fees and expenses subject to the Court's approval pursuant to sections 330, 331(a) and 503(b) of the Bankruptcy Code;

(iv) any entity that asserts an administrative expense claim against the Debtors for goods and/or services provided to the Debtors on or after July 8, 2009, except for 503(b)(9) Claims;

(v) any Debtor asserting a claim against another Debtor;

(vi) any person or entity whose claim against the Debtors has been allowed by an order of the Court entered on or before the applicable Bar Date; and

(vii) any person or entity whose claim has been paid, except to the extent that such party's or entity's claim was paid pursuant to the Order Authorizing Debtors to Pay Prepetition Obligations of Certain Critical Vendors and Service Providers.

8. Any entity holding a Rejection Damages Claim arising from the rejection of an executory contract or unexpired lease pursuant to an order entered prior to, or in connection with, the confirmation of a chapter 11 plan in the Debtors' chapter 11 cases shall be required to file a proof of claim in respect of such Rejection Damages Claim in accordance with the procedures described herein by the Rejection Bar Date. The Rejection Bar Date shall be the latest of: (i) the General Bar Date; (ii) 4:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days after the filing of the Schedule of Rejected Contracts and Leases (as defined in the Plan); and (iii) to the extent not included on the Schedule of Rejected Contracts and Leases, 4:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days after entry of an order approving the

rejection of an executory contract or unexpired lease pursuant to which the entity asserting the Rejection Damages Claim is a party.

9. The Debtors shall retain the right to: (i) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise; and (ii) subsequently designate any claim reflected in the Schedules as disputed, contingent or unliquidated.

10. Pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply strictly with this Order by timely filing a Proof of Claim in appropriate form, unless explicitly excepted from filing such claim herein or by any other order of this Court, shall not be treated as a creditor with respect to such claim for the purposes of distributions.

11. The notice of the Bar Date (the "Bar Date Notice") substantially in the form annexed to the Motion as Exhibit C, is approved and shall be deemed adequate and sufficient notice of the General Bar Date, the 503(b)(9) Bar Date and the Governmental Unit Bar Date if served by first-class mail on or before October 3, 2009 on:

> (i) the United States Trustee for the District of Delaware;
>
> (ii) persons or entities that have requested notice of the proceedings in these chapter 11 cases;
>
> (iii) persons or entities that have filed proofs of claim;
>
> (iv) known holders of claims listed on the Schedules at the addresses stated therein;
>
> (v) parties known to the Debtors as having potential claims against the Debtors' estates but who are not listed on the Schedules;
>
> (vi) counterparties to the Debtors' executory contracts and unexpired leases;
>
> (vii) parties to litigation with the Debtors;
>
> (viii) the agents for the Debtors' prepetition secured lenders and their counsel;

- (ix) known holders of the outstanding obligations under the Debtors' Prepetition First Lien Credit Agreement, dated September 30, 2005;

- (x) known holders of the outstanding obligations under the Debtors' Prepetition Second Lien Credit Agreement, dated September 30, 2005;

- (xi) state attorney generals and state departments of revenue for states in which the Debtors conduct business;

- (xii) Internal Revenue Service at the address it has requested for bankruptcy notifications;

- (xiii) the Environmental Protection Agency;

- (xiv) relevant state and local environmental agencies;

- (xv) the Securities and Exchange Commission (in Delaware and in Washington, D.C.);

- (xvi) the United States Attorney for the District of Delaware and the Department of Justice in Washington, D.C.; and

- (xvii) governmental units applicable to the Debtors' businesses, to the extent not listed in the foregoing clauses.

12. With regard to those holders of claims listed on the Schedules, the Debtors shall mail (a) a Bar Date Notice, and (b) one or more Proofs of Claim, which notice is hereby approved and shall be deemed good, adequate and sufficient notice of the General Bar Date, the 503(b)(9) Bar Date and the Governmental Unit Bar Date.

13. With respect to addresses from which Commencement Notices and DS Hearing Notices were returned as undeliverable by the United States Postal Service, the Debtors are excused from distributing a Bar Date Notice and Proofs of Claim to those entities listed at such addresses if the Debtors are unable to obtain accurate addresses for such entities after having exercised good faith efforts to obtain more current addresses, and failure to attempt to deliver Bar Date Notices and Proofs of Claim to such entities will not constitute inadequate notice of the Bar Dates, or a violation of Bankruptcy Rule 2002(a)(7).

DB02:8712038.4

068347.1001

14. Pursuant to Bankruptcy Rule 2002(f), the Debtors shall publish notice of the Bar Date in substantially the form annexed to the Motion as <u>Exhibit D</u> in the following publications: *USA Today* and *St. Petersburg Times* on or before October 13, 2009.

15. The Debtors and the Claims Agent are authorized and empowered to take such steps, pay such sums and perform such acts as may be necessary to implement and effectuate the terms of this Order.

16. Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of the Excluded Claims established herein must file proofs of such claims or interests or be barred from doing so.

17. Except as explicitly provided herein, any creditor who is required but fails to file a Proof of Claim in accordance with this Order on or before the General Bar Date, the 503(b)(9) Bar Date or the Governmental Unit Bar Date, as the case may be (or such other date established hereby), including, but not limited to, asserting such creditor's claim against the correct Debtor, shall be forever barred, estopped and enjoined from asserting such claim against any of the Debtors (or filing a Proof of Claim with respect thereto), and the Debtors and their respective property shall be forever discharged from any and all indebtedness or liability with respect to such claim, and such holder shall not be permitted on account of such claim to vote on any plan or participate in any distribution in the Debtors' cases.

18. The provisions of this Order apply to all claims of whatever character against the Debtors or their property, whether secured or unsecured, liquidated or unliquidated, fixed or contingent.

DB02:8712038.4

068347.1001

19. This Court shall retain jurisdiction with respect to all matters arising from or relating to this Order.

Dated: Wilmington, Delaware
       9/29, 2009

_____
HONORABLE CHRISTOPHER S. SONTCHI