# EXHIBIT 6

DISCLOSURE STATEMENT ORDER

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re                                                          :    Chapter 11
                                                               :
                                                               :    Case No. 09-12390 (CSS)
CCS Medical, Inc., et al.,                                     :
                                                               :    Jointly Administered
                             Debtors.                          :
                                                               :    Ref. Docket No. 743
---------------------------------------------------------------x

**ORDER: (A) APPROVING DISCLOSURE STATEMENT; (B) FIXING
VOTING RECORD DATE; (C) APPROVING SOLICITATION
MATERIALS AND PROCEDURES FOR DISTRIBUTION THEREOF;
(D) APPROVING FORMS OF BALLOTS AND ESTABLISHING PROCEDURES
FOR VOTING ON DEBTORS' PLAN OF REORGANIZATION; (E)
SCHEDULING HEARING AND ESTABLISHING NOTICE AND OBJECTION
PROCEDURES IN RESPECT OF CONFIRMATION OF DEBTORS' SECOND
JOINT PLAN OF REORGANIZATION; AND (F) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion") of the debtors and debtors in possession in the above-captioned cases (each a "Debtor" and, collectively, the "Debtors") for entry of an order, pursuant to sections 105, 502, 1125, 1126, and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3003, 3001, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3017-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"): (a) approving the Debtors' Disclosure Statement With Respect to the Second Joint Chapter 11 Plan of Reorganization for CCS Medical, Inc. and its Affiliated Debtors (as the same may be amended, modified and/or supplemented after the date thereof, the "Proposed Disclosure Statement"); (b) fixing a voting record date for purposes of determining which holders of claims against the Debtors are entitled to vote on the Joint Chapter 11 Plan of Reorganization for CCS Medical, Inc. and its Affiliated Debtors (as the same may be

amended, modified and/or supplemented after the date thereof, the "Plan"); (c) approving solicitation materials and procedures for distribution of the Disclosure Statement[1] and the Plan; (d) approving forms of ballots and establishing procedures for voting on the Plan; (e) scheduling a hearing and establishing notice and objection procedures in respect of confirmation of the Plan; and (f) granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having filed with the Court the Proposed Disclosure Statement and the Plan; and the Court having reviewed the Proposed Disclosure Statement, the Motion, and the responses thereto, if any; and the Court having found and determined that the legal and factual bases set forth in the Motion and at the Disclosure Statement Hearing establish just cause for the relief granted herein; and sufficient notice of the Motion having been given; and no other or further notice being necessary or required; and it appearing to the Court, based upon the full record of these cases that the Motion should be granted; and after due deliberation, and sufficient cause appearing therefor,

IT IS HEREBY FOUND THAT:

A. Notice of the Motion and the Disclosure Statement Hearing was served as proposed in the Motion, and such notice constitutes good and sufficient notice to all interested parties and no other or further notice need be provided.

B. The Proposed Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code.

C. The forms of ballots annexed hereto as Exhibit 1 are sufficiently consistent with Official Form No. 14 and adequately address the particular needs of these chapter

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings that are ascribed to such terms in the Motion.

11 cases and is appropriate for each of the class of claims that is entitled to vote to accept or reject the Plan.

D. The forms of the ballot require the furnishing of sufficient information to assure that duplicate ballots are not submitted and tabulated.

E. Ballots need not be provided to the holders of claims and interests in Class 8 (Existing Stock Interests), Class 9 (Other Existing Interests), and Class 10 (Existing Securities Law Claims), because such holders are deemed to reject the Plan.

F. The period, set forth below, during which the Debtors may solicit acceptances to the Plan is a reasonable and adequate period of time under the circumstances for creditors to make an informed decision to accept or reject the Plan.

G. The procedures for the solicitation and tabulation of votes to accept or reject the Plan (as more fully set forth in the Motion and below) provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

H. The notice substantially in the form annexed hereto as <u>Exhibit 3</u> (the "<u>Confirmation Hearing Notice</u>") and the procedures set forth below for providing such notice to all creditors and equity security holders of the time, date, and place of the hearing to consider confirmation of the Plan (the "<u>Confirmation Hearing</u>") and the contents of the Solicitation Materials (as defined below) comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties. It is hereby

ORDERED, ADJUDGED AND DECREED that:

1. The Motion is granted to the extent set forth herein.

2. All objections to the Motion and the approval of the Proposed Disclosure Statement are overruled.

3. The Proposed Disclosure Statement is APPROVED (as so approved, the "Disclosure Statement").

4. February 2, 2010 is established as the record date for purposes of this Order and determining which creditors are entitled to vote on the Plan and receive materials on account of Class 2 First Lien Lender Claims (the "First Lien Lender Record Date"). Other than with respect to Class 2 First Lien Lender Claims, February 9, 2010 is established as the record date (the "General Creditor and Interest Holder Record Date" and together with the First Lien Lender Record Date, the "Record Date") for purposes of this Order and determining which creditors are entitled to vote on the Plan and which creditors and interest holders receive materials which include notices of non-voting status.

5. The Debtors are authorized and empowered to commence distribution of the Confirmation Hearing Notice.

6. The Debtors are authorized and empowered to commence distribution of the solicitation materials (the "Solicitation Materials") including (a) this Order (without the exhibits annexed hereto) and (b) either a ballot, together with a return envelope and the Disclosure Statement (with the Plan and other exhibits annexed thereto), or a Notice of Non-Voting Status, as applicable, by [February 12], 2010 (the "Solicitation Commencement Date") to: (A) all persons or entities identified on the Debtors' schedules of liabilities filed pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007 (as amended or modified prior to the Record Date, the "Schedules"), excluding scheduled claims that have been (i) superseded by a filed proof of claim prior to the Record Date, (ii) disallowed or expunged, or (iii) indefeasibly paid in full; (B) all parties having filed timely proofs of claims as reflected on the official claims register maintained by the Balloting Agent, as of the close of business on the Record Date, and whose

claims have not been disallowed or expunged prior to the Solicitation Commencement Date; and (C) the assignee of a transferred and assigned claim (whether a filed or scheduled claim) shall be entitled to receive such Solicitation Materials if the transfer and assignment has been noted on the Court's docket and is effective pursuant to Bankruptcy Rule 3001(e) as of the close of business on the Record Date; and (D) the holders of the Debtors' equity securities, including (i) registered holders as of the Record Date and (ii) nominees holding the equity securities as of the Record Date.

7. The Debtors are authorized and empowered to commence or cause distribution of, by the Solicitation Commencement Date, a copy of this Order (without the exhibits annexed hereto), the Confirmation Hearing Notice, and the Disclosure Statement (together with the Plan and other exhibits annexed thereto) to, among other parties (to the extent such parties did not otherwise receive the Solicitation Materials): (a) the United States Trustee for the District of Delaware (the "U.S. Trustee"); (b) counsel for any official committee appointed in these cases; (c) counsel to the First Lien Agent; (d) counsel to the ad hoc committee of Second Lien Lenders (the "Second Lien Group"); (e) counsel to certain of the lenders under the Debtors' post-petition credit facility; (f) the Securities and Exchange Commission; (g) the United States Attorney's Office for the District of Delaware; (h) the Department of Justice; (i) the Internal Revenue Service (both the Delaware and Washington D.C. offices); (j) the Environmental Protection Agency; (k) all relevant federal, state and local taxing authorities at their statutory addresses; (l) relevant state and local environmental agencies; and (m) all parties who have filed a request for service of all pleadings pursuant to and in accordance with Bankruptcy Rule 2002 as of the day prior to service.

8. Solicitation Materials, which shall include ballots, shall be distributed to holders, as of the Record Date, of claims in Class 1 (Priority Non-Tax Claims), Class 2 (First Lien Lender Claims), Class 3 (Second Lien Lender Claims), Class 4 (Other Secured Claims), Class 5 (Trade Claims), Class 6 (General Unsecured Claims), and Class 7 (PIK Lender Claims which classes are designated under the Plan as entitled to vote to accept or reject the Plan.

9. With respect to Class 2 (First Lien Lender Claims), the First Lien Agent shall provide to the Balloting Agent the First Lien Lender Voting List. Only holders of First Lien Lender Claims listed on the First Lien Lender Voting List will be entitled to vote, and such creditors will only be entitled to vote in the amount set forth in the First Lien Lender Voting List, except as otherwise set forth herein. With respect to Class 2, the Balloting Agent shall nevertheless be permitted to provide any agent under the First Lien Credit Agreement with sufficient copies of the Solicitation Packages and the appropriate ballot and the respective agent shall be required to send the Solicitation Packages to the participating lenders.

10. With respect to Class 3 (Second Lien Lender Claims), the Debtors shall provide a Solicitation Package, the Second Lien Forwarding Notices, substantially in the form annexed hereto as <u>Exhibit 4</u>, and ballot to (i) the parties that have timely filed proofs of claims asserting Second Lien Lender Claims; (ii) the parties identified by counsel to the Second Lien Group and counsel to Highland Capital Management, L.P. or (iii) the last known holders of claims in Class 3. Within two (2) business days after the Record Date, counsel to the Second Lien Group shall provide the Debtors with a list of all parties known to such counsel holding Class 3 Claims (Second Lien Lender Claims) as of the Record Date, and counsel for Highland Capital Management, L.P. shall provide the Debtors with a list of all parties represented by such counsel (the "<u>Highland Clients</u>") holding Second Lien Lender Claims directly or derivatively as of the

Record Date and all parties holding Second Lien Lender Claims through which the Highland Clients hold derivative positions.

11. With respect to Class 7 (PIK Lender Claims), the Debtors shall provide a Solicitation Package, the PIK Lender Forwarding Notices, substantially in the form annexed hereto as <u>Exhibit 5</u>, and ballot to parties that have filed timely proofs of claim asserting PIK Lender Claims and the last known holders of claims in Class 7.

12. A copy of this Order, the Confirmation Notice, and a notice of non-voting status, substantially in the form annexed hereto as <u>Exhibit 2</u> (the "<u>Notice of Non-Voting Status</u>"), shall be distributed to holders, as of the Record Date, of impaired claims in Class 8 (Existing Stock Interests), Class 9 (Other Existing Interests), and Class 10 (Existing Securities Law Claims), that are deemed to reject the Plan.

13. The Debtors are not required to distribute copies of the Plan and Disclosure Statement to any holder of a claim of interest in Class 8 (Existing Stock Interests), Class 9 (Other Existing Interests), and Class 10 (Existing Securities Law Claims), unless such holder makes a specific request in writing for the same.

14. With respect to addresses from which one or more prior notices served in these cases were or may be returned as undeliverable, the Debtors are excused from distributing Solicitation Materials to those entities listed at such addresses if the Debtors are unable to obtain accurate addresses for such entities before the Solicitation Commencement Date after having exercised good faith efforts to obtain more current addresses, and failure to attempt to re-deliver Solicitation Materials to such entities will not constitute inadequate notice of the Confirmation Hearing, the Voting Deadline, or a violation of Bankruptcy Rule 3017(d).

15. To the extent the Debtors send Solicitation Materials, which are returned as undeliverable, and in good faith cannot obtain a more current address, failure to distribute Solicitation Materials to such entities will not constitute inadequate notice of the Confirmation Hearing, the Voting Deadline, or violation of Bankruptcy Rule 3017(d).

16. The Debtors may, in their reasonable discretion, provide creditors in Class 2, Class 3 and Class 7 a single ballot with respect to all of the Debtors rather than requiring such creditors to vote their claims as against each of the Debtors on separate ballots.

17. All ballots must be properly executed, completed, and the original thereof shall be delivered to the Balloting Agent so as to be actually received by no later than the Voting Deadline.

18. Absent further order of the Court, the allowance of Claims in Class 3 (Second Lien Claims) for purposes of voting on the Plan shall be subject to the *Order (I) Granting the Motion to Allow Certain Claims Solely for Voting Purposes, and (II) Sustaining (A) the Objection to Certain Claims Solely for Voting Purposes, and (B) the Limited Objection and Reservation of Rights, Solely for Voting Purposes, Related to the Voting of Second Lien Lender Claims* [Docket No. 383] (the "First Claims Voting Order"), and any references to "the Plan" therein shall apply to the Plan (as defined herein) and shall not be limited to, or construed as only applying to, the Original Plan. Additionally, absent further order of the Court, the Additional Claims, the Adjusted Claims, and the Disputed Claims (as each term is defined in the First Claims Voting Orders), shall be allowed or disallowed (solely for voting purposes) as set forth in the First Claims Voting Order.

19. Any holder of a claim who seeks to have its claim allowed for voting purposes different from that which is established through the procedures set forth in the Motion (as may be

modified herein) must file a motion (a "Claimant Voting Motion") seeking a hearing to consider the estimation of such claim no later than five (5) business days prior to the Confirmation Hearing. Such Claimant Voting Motion shall set forth with particularity, the amount at which such claimant believes its claim should be allowed, and the evidence in support thereof.

20. If the Court has not, on or before the Voting Deadline, temporarily or otherwise allowed all or a portion of a claim set forth in a Claimant Voting Motion for voting purposes, pursuant to Bankruptcy Rule 3018(a), such claim shall not be counted for voting purposes.

21. In the event that a party timely files a Claimant Voting Motion pursuant to this Order, such party may, after conferring with the Debtors, seek to schedule an expedited hearing before the Court with respect to such motion for a date prior to the Confirmation Hearing. In the event the Debtors file a motion objecting to or estimating a claim that is subject of a Claimant Voting Motion, such Claimant Voting Motion shall be consolidated with the Debtors' motion objecting to or estimating such claim.

22. In the event that a claimant reaches an agreement with the Debtors as to the treatment of its claim for voting purposes, a stipulation setting forth that agreement may be presented to the Court for approval at the Confirmation Hearing.

23. The Voting Deadline is [March 5], 2010 at [4:00] p.m. (prevailing Eastern Time).

24. If a creditor casts more than one ballot voting the same claim(s) before the Voting Deadline, the latest dated, properly executed ballot received before the Voting Deadline is deemed to reflect the voter's intent and, thus, to supersede any prior ballots.

25. If a holder of claims casts more than one ballot voting the same claim(s) which are received by the Balloting Agent on the same day, but which are voted inconsistently, such ballots shall not be counted.

26. Creditors with multiple claims under the Plan are (a) required to vote all of their claims within a particular Class of a Debtor's Plan either to accept or reject the Plan and may not split their vote(s), and (b) entitled to only one set of Solicitation Materials. Thus a ballot with respect to such Debtor that partially rejects and partially accepts the Plan will not be counted.

27. For voting purposes, with respect to all creditors of the Debtors, the Debtors propose that the amount of a claim used to tabulate acceptance or rejection of the Plan should be, as applicable:

   a. A claim that is deemed allowed under the Plan, shall be allowed for voting purposes in the deemed allowed amount set forth in the Plan;

   b. If a claim has been scheduled by the Debtors on the Schedules and is not contingent, unliquidated, or disputed, and has not been superseded by a proof of claim filed prior to the Applicable Bar Date, such claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, in the amount listed on the Schedules;

   c. A claim for which a proof of claim has been filed prior to the Applicable Bar Date in an amount that is liquidated, non-contingent and undisputed, shall be deemed allowed for voting purposes only and not for purposes of allowance or distribution, in the amount set forth on the proof of claim;

   d. If a proof of claim has been timely filed prior to the Applicable Bar Date and such clam is unliquidated, contingent or disputed in part, such claim

shall be allowed for voting purposes only, and not for purposes of allowance or distribution, in the liquidated, non-contingent and non-disputed amount only;

e. If a proof of claim has been timely filed prior to the Applicable Bar Date and such claim is (i) contingent, unliquidated and/or disputed on the face of the claim, (ii) an unliquidated or contingent litigation claim or (iii) determined by the Debtors prior to the commencement of the solicitation, after reasonable review of the claim (including any supporting documentation contained therewith), to be a contingent, unliquidated and/or disputed claim, such claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, in an amount equal to $1.00.

28. Notwithstanding the foregoing, if the Debtors have filed an objection or request for estimation as to a claim at least ten days prior to the Voting Deadline, such claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except as ordered by the Court or in the manner set forth in such objection before the Voting Deadline. Further, a claim that has been estimated or otherwise allowed for voting purposes by order of the Court, shall be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

29. Any ballot that is otherwise properly completed, executed, and timely returned to the Balloting Agent but does not indicate an acceptance or rejection of the Plan, or indicates both an acceptance and a rejection of the Plan, shall not be counted.

30. Except in the Debtors' sole discretion and absent further order of the Court, any ballot received after the Voting Deadline shall not be counted.

31. A vote shall be disregarded if the Court determines, after notice and a hearing, that such vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code.

32. Any ballot that is illegible or contains insufficient information to permit the identification of the claimant or interest holder shall not be counted.

33. Any ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan shall not be counted.

34. Any unsigned ballot or signed but unoriginal ballot shall not be counted.

35. Any ballot voting on account of a proof of claim filed after the Record Date that has not been temporarily allowed for voting purposes by order of the Court shall not be counted.

36. Except in the Debtors' sole discretion, any ballot transmitted to the Balloting Agent by facsimile or other electronic means shall not be counted.

37. In accordance with section 1125(e) of the Bankruptcy Code, to the fullest extent permitted by law, none of the Debtors or their respective directors, officers, employees, shareholders, members, partners, agents or representatives (including attorneys, accountants, financial advisors and investment bankers), each solely in their capacity as such, shall have any liability on account of soliciting votes on the Plan or participating in such solicitation, for violation of any applicable law, rule, or regulation governing solicitation of acceptance or rejection of a plan or the offer, issuance, sale or purchase of securities.

38. The Confirmation Hearing Notice is approved.

39. The Confirmation Hearing will be held at [4 :30 p].m. (prevailing Eastern Time) on [March 11], 2010; provided, however, that the Confirmation Hearing may be adjourned from time to time by the Court or the Debtors without further notice to parties other than an announcement at or before the Confirmation Hearing or any adjourned Confirmation Hearing.

40. The Debtors shall publish the Confirmation Hearing Notice on the date that is five (5) business days after entry of the Disclosure Statement Order in USA Today and the St. Petersburg Times. Additionally, the Debtors will post the Confirmation Hearing Notice electronically on their reorganization website http://chapter11.epiqsystems.com/ccsmedical.

41. Objections to confirmation of the Plan, if any, must: (a) be made in writing; (b) state with particularity the legal and factual ground therefor, and, if practicable, propose modification to the Plan that would resolve such objection; (c) conform to the Bankruptcy Rules and Local Rules; and (d) be served so as to be received by each of the parties identified in the Confirmation Hearing Notice at the respective addresses set forth therein no later than ~~12:00~~ 4:00 p.m. (prevailing Eastern Time) on [March 5], 2010.

42. Objections to confirmation of the Plan not timely filed and served in the manner set forth above shall not be considered by the Court and shall be overruled.

43. The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court, including, but not limited to, the making of any payments reasonably necessary to perform the actions and distributions contemplated herein.

44. The Debtors are authorized to make nonsubstantive and/or nonmaterial changes to the Disclosure Statement, Plan, ballots, Confirmation Hearing Notice, and related documents without further order of the Court, including, without limitation, changes to correct typographical

and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Materials prior to their distribution.

45. The Debtors may make any other changes to the Disclosure Statement, Plan, ballots, Confirmation Hearing Notice, and related documents prior to their distribution with the consent of the Required First Lien Lenders and the Second Lien Group and without further order of the Court.

46. The Debtors shall make the disclosures required by section 1129(a)(5) of the Bankruptcy Code five (5) days prior to the Voting Deadline.

47. Nothing in this Order shall affect the rights of the First Lien Lenders, Second Lien Group, or Highland Capital Management, L.P. to contest confirmation of the Plan and the such parties reserve all rights with respect to any and all Plan confirmation objections and their failure to raise such Plan confirmation objections with respect to the Disclosure Statement and the Motion is not a waiver of any such rights.

48. The Court shall retain jurisdiction with respect to all matters related to this Order.

Dated: Wilmington, Delaware
2/9 , 2010

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge