IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------- x
In re                                                : Chapter 11
                                                     :
                                                     : Case No. 09-12390 (CSS)
CCS Medical, Inc., et al.,                           :
                                                     : Jointly Administered
                                                     :
                    Debtors.                         : Objection Deadline: March 5, 2010, at 4:00 p.m.
---------------------------------------------------- x Hearing Date: March 11, 2010, at 4:30 p.m.

## NOTICE OF ENTRY OF ORDER: (A) APPROVING DISCLOSURE STATEMENT; (B) FIXING VOTING RECORD DATE; (C) APPROVING SOLICITATION MATERIALS AND PROCEDURES FOR DISTRIBUTION THEREOF; (D) APPROVING FORMS OF BALLOTS AND ESTABLISHING PROCEDURES FOR VOTING ON DEBTORS' MODIFIED SECOND JOINT PLAN OF REORGANIZATION; (E) SCHEDULING HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES IN RESPECT OF CONFIRMATION OF DEBTORS' MODIFIED SECOND JOINT PLAN OF REORGANIZATION; AND (F) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE THAT:**

1. By order entered on February 9, 2010 (the "DS Order"), the United States Bankruptcy Court for the District of Delaware (the "Court") approved the Debtors' First Amended Disclosure Statement with Respect to the Modified Second Joint Chapter 11 Plan of Reorganization for CCS Medical, Inc. and its Affiliated Debtors, dated February 9, 2010 (as may be amended, modified, and/or supplemented, the "Disclosure Statement"), and authorized the Debtors to solicit votes to accept or reject the Modified Second Joint Chapter 11 Plan of Reorganization for CCS Medical, Inc. and its Affiliated Debtors, dated February 9, 2010 (as may be amended, modified, and/or supplemented, the "Plan"), annexed as Exhibit 1 to the Disclosure Statement. Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

2. Copies of the DS Order, the Plan and the Disclosure Statement are available for inspection on the Court's website at http://ecf.deb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("PACER") website are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the DS Order, the Plan and the Disclosure Statement may also be examined between the hours of 8:00 A.M. and 4:00 P.M., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801. Copies may also be obtained online at the website of the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC ("Epiq"), at http://chapter11.epiqsystems.com/ccsmedical, or by written request to Epiq at the following

address and telephone number: Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017, (866) 897-6437.

3. The DS Order establishes **February 2, 2010**, with respect to Class 2 First Lien Lender Claims (the "First Lien Lender Record Date"), and **4:00 P.M., prevailing Eastern Time, on February 9, 2010**, with respect to all other Classes as the record date for determining which holders of claims or equity interests are entitled to vote on the Plan and establishes **4:00 p.m. (prevailing Eastern Time) on March 5, 2010** (the "Voting Deadline") as the deadline for the submission of ballots to accept or reject the Plan.

4. Holders of claims and interests entitled to vote on the Plan will receive ballots for casting such votes. Failure to follow the instructions set forth in a ballot may disqualify that ballot and the vote represented thereby.

5. A hearing will commence before the Honorable Christopher S. Sontchi, United States Bankruptcy Judge, in Room #6 of the United States Bankruptcy Court, 824 North Market Street, 5th Floor, Wilmington, Delaware 19801, on **March 11, 2010, at 4:30 p.m. (prevailing Eastern Time)** or as soon thereafter as counsel may be heard (the "Confirmation Hearing") to consider confirmation of the Plan.

6. The Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than the announcement of the adjourned date(s) on the record of the Confirmation Hearing or any other hearing. The Plan may be modified, if necessary, pursuant to 11 U.S.C. § 1127, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties.

7. Holders of claims in classes that are deemed to reject the Plan are not entitled to vote on the Plan and, therefore, will receive a notice of non-voting status rather than a ballot. In addition, certain claims identified in the DS Order, including, without limitation, claims that are the subject of an objection, are not entitled to vote on the Plan and, therefore, will not receive a ballot or, if such party received a ballot, such ballot will not be counted absent further order of the Court. If you are notified that you are not entitled to vote on the Plan, but believe that you should be entitled to vote on the Plan, or that you should be entitled to vote on the Plan in a different amount than as set forth on your ballot, pursuant to the DS Order, you must serve on the parties identified in paragraph 11 below, and file with the Court, a motion (a "Claimant Voting Motion") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seeking temporary allowance of such claim in a stated amount or in a different class for purposes of voting to accept or reject the Plan. All Claimant Voting Motions must be filed on or before five (5) business days prior to the Confirmation Hearing. In accordance with Bankruptcy Rule 3018, as to any creditor filing a Claimant Voting Motion, such creditor's ballot will not be counted unless temporarily allowed by the Court for voting purposes, after notice and a hearing. Claimant Voting Motions that are not timely filed and served in the manner set forth above may not be considered.

8. *Sections 12.6 and 12.9 of the Plan contain the following injunctive provisions:*

*Except as otherwise provided in the Plan or the Confirmation Order, as of the Confirmation Date, but subject to the occurrence of the Effective Date, all Persons who have held, hold or may hold Claims against or Interests in the Debtors or the Estates are, with respect to any such Claims or Interests, permanently enjoined after the Confirmation Date from: (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors, the PED Debtors, the Estates or any of their property, the Purchaser, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons or any property of any such transferee or successor; (ii) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order against the Debtors, the PED Debtors, or the Estates or any of their property, the Purchaser, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons, or any property of any such transferee or successor; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors, the PED Debtors, or the Estates or any of their property, the Purchaser, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Persons; (iv) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan to the fullest extent permitted by applicable law; and (v) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan; provided, however, that nothing contained herein shall preclude such persons from exercising their rights pursuant to and consistent with the terms of the Plan.*

*The Confirmation Order shall permanently enjoin the commencement or prosecution by any person or entity, whether directly, derivatively or otherwise, of any Claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action or liabilities released or exculpated pursuant to the Plan, including but not limited to the claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or liabilities released in Sections 12.7, 12.8, and 12.12 of the Plan.*

9. *Section 12.7 of the Plan contains the following releases:*

(a). *Releases by the Debtors. Except as otherwise provided in the Plan or the Confirmation Order, as of the Effective Date, each Debtor, in its individual capacity and as a debtor in possession, shall be deemed to forever release, waive and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action and liabilities (other than the rights of the Debtors to enforce the Plan and the contracts, instruments, releases, credit facilities and other agreements or documents delivered thereunder) whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the parties released pursuant to Section 12.7 of the Plan, the Reorganization Cases, the Plan or the Disclosure Statement, and*

- 3 -

*that could have been asserted by or on behalf of the Debtors or their Estates, whether directly, indirectly, derivatively or in any representative or any other capacity, against any Released Party; provided, however, that (i) the releases set forth in Section 12.7(a) of the Plan shall not release any Debtor's claims, rights, or causes of action for money borrowed from or owed to a Debtor or its Subsidiary by any of its directors, officers or former employees as set forth in such Debtor's or Subsidiary's books and records, and (ii) in no event shall anything in Section 12.7(a) of the Plan be construed as a release of any Person's fraud, gross negligence or willful misconduct for matters with respect to the Debtors and their Subsidiaries and/or affiliates.*

(b). *<u>Releases by Holders of Claims and Interests</u>. Except as otherwise provided in the Plan or the Confirmation Order, on the Effective Date, to the fullest extent permissible under applicable law, as such law may be extended or interpreted subsequent to the Effective Date, all holders of Claims and Interests, in consideration for the obligations of the Debtors under the Plan, the Plan Consideration, the New Common Stock and other contracts, instruments, releases, agreements or documents executed and delivered in connection with the Plan, and each entity (other than a Debtor) that has held, holds or may hold a Claim or Interest, as applicable, will be deemed to have consented to the Plan for all purposes and the restructuring embodied herein and deemed to forever release, waive and discharge all claims, demands, debts, rights, causes of action or liabilities (other than the right to enforce the obligations of any party under the Plan and the contracts, instruments, releases, agreements and documents delivered under or in connection with the Plan), including, without limitation, any claims for any such loss such holder may suffer, have suffered or be alleged to suffer as a result of the Debtors commencing the Reorganization Cases or as a result of the Plan being consummated, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are based in whole or in part on any act or omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Reorganization Cases, the Plan or the Disclosure Statement against any Released Party; provided, however, that in no event shall anything in Section 12.7(b) of the Plan be construed as a release of any Person's fraud or willful misconduct for matters with respect to the Debtors and their Subsidiaries and/or affiliates (the "<u>Third Party Release</u>").*

(c). *Notwithstanding the foregoing, the releases contained in paragraph (a) and (b) of Section 12.7 of the Plan shall not apply to any Claims or Entities to the extent described in the Release and Claim Exclusion Schedule.*

(d). *Entry of the Confirmation Order will constitute the Bankruptcy Court's approval pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 9019 of the Third Party Release, which includes by reference each of the related provisions and definitions contained herein, and further, will constitute the Bankruptcy Court's finding that such release is (i) in exchange for the good and valuable consideration provided by the Debtors and the other Released Parties, representing good faith settlement and compromise of the claims released herein; (ii) in the best interests of the Debtors and all holders of Claims; (iii) fair, equitable, and reasonable; (iv) approved after due notice and opportunity for hearing; and (v) a bar to any of the holders of Claims and Interests against or in the Debtors asserting any claim released pursuant to Section 12.7 of the Plan.*

10. *Section 12.8 of the Plan contains the following exculpation and limitation of liability:*

*None of the Exculpated Parties shall have or incur any liability to any holder of any Claim or Interest for any act or omission in connection with, or arising out of the Debtors' restructuring, including without limitation the negotiation and execution of the Plan, the Reorganization Cases, the Disclosure Statement, the solicitation of votes for and the pursuit of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, including, without limitation, all documents ancillary thereto, all decisions, actions, inactions and alleged negligence or misconduct relating thereto and all prepetition activities leading to the promulgation and confirmation of the Plan except fraud, gross negligence, or willful misconduct as determined by a Final Order of the Bankruptcy Court. The Exculpated Parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan.*

11. Objections to the Plan, if any, shall be in writing, shall conform to the Bankruptcy Rules and the Local Bankruptcy Rules for the District of Delaware, shall set forth the name of the objector, the nature and amount of any claims or interests held or asserted by the objector against the estate or property of the Debtors, the basis for the objection, and the specific grounds therefor, and shall be filed with the Bankruptcy Court at the address specified in paragraph 2 above, together with proof of service thereof, and served upon: (a) (i) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Michael J. Kelly, Esq. and Lauren C. Cohen, Esq., and (ii) Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, DE 19801, Attn: Robert S. Brady, Esq. and Matthew B. Lunn, Esq., Co-counsel for the Debtors; (b) the Office of the United States Trustee for the District of Delaware, 844 King St., Suite 2207, Wilmington, DE 19801, Attn: Richard L. Schepacarter, Esq.; (c) Moore & Van Allen, PLLC, 100 N. Tyron Street, 47th Floor, Charlotte, NC 28202, Attn: David S. Walls, Esq., counsel to the First Lien Agent; (d) Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, NY 10019, Attn: Joshua Feltman, Esq., counsel to certain of the lenders under the Debtors' post-petition credit facility; and (e) Bracewell & Giuliani LLP, 225 Asylum Street, 26th Floor, Hartford, CT 06103, Attn: Kurt A. Mayr, Esq., counsel to certain of the Second Lien Lenders, so as to be **ACTUALLY RECEIVED** on or before **March 5, 2010, at 4:00 p.m.** (prevailing Eastern Time).

**UNLESS AN OBJECTION IS TIMELY FILED AND SERVED AS PROVIDED HEREIN, IT MAY NOT BE CONSIDERED AT THE CONFIRMATION HEARING.**

Dated: Wilmington, Delaware
       February 9, 2010

                                      WILLKIE FARR & GALLAGHER LLP
                                      787 Seventh Avenue
                                      New York, NY 10019

                                      YOUNG CONAWAY STARGATT & TAYLOR, LLP
                                      The Brandywine Building
                                      1000 West Street, 17th Floor
                                      Wilmington, Delaware 19801

                                      Co-counsel for the Debtors and Debtors in Possession