IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
In re                                   : Chapter 11
                                        :
                                        : Case No. 09-12390 (CSS)
CCS Medical, Inc., et al.,              :
                                        : Jointly Administered
                                        :
              Debtors.                  :
---------------------------------------------------------- x

## NOTICE OF: (I) ENTRY OF FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING MODIFIED SECOND JOINT CHAPTER 11 PLAN OF REORGANIZATION FOR CCS MEDICAL, INC. AND ITS AFFILIATED DEBTORS; AND (II) OCCURRENCE OF EFFECTIVE DATE

**PLEASE TAKE NOTICE THAT:**

1.  The United States Bankruptcy Court for the District of Delaware entered an order dated March 11, 2010 (the "<u>Confirmation Order</u>"), confirming the Modified Second Joint Chapter 11 Plan of Reorganization for CCS Medical, Inc. and Its Affiliated Debtors, as Confirmed, dated March 31, 2010, (as may be amended and/or modified, the "<u>Plan</u>").[1] To receive a copy of the Confirmation Order or the Plan, you may (a) visit the website of the Debtors' balloting agent, Epiq Bankruptcy Solutions, LLC ("<u>Epiq</u>"): http://chapter11.epiqsystems.com/ccsmedical, (b) contact Epiq by calling (866) 897-6437, or (c) visit the Bankruptcy Court's website: www.deb.uscourts.gov. In addition, copies of these documents are on file with the Clerk of the Bankruptcy Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware, 19801.

2.  On March 31, 2010, the "Effective Date" occurred with respect to the Plan.

3.  Pursuant to Section 3.2 of the Plan and paragraph 17 of the Confirmation Order, any holder of an Administrative Expense Claim must file with Epiq[2] proof of such Administrative Expense Claim no later than **May 17, 2010**, which date is the first Business Day that is forty-five (45) days after the Effective Date.[3] Such proof of Administrative Expense Claim must include at a minimum (a) the name of each Debtor that is purported to be liable for the Administrative Expense Claim, (b) the name of the holder of the Administrative Expense Claim, (c) the amount of the Administrative Expense Claim, (d)

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Plan.

[2] If delivered by mail, Administrative Expense Claims should be sent to: CCS Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5015, New York, NY 10150-5015. If delivered by overnight or hand delivery, Administrative Expense Claims should be sent to: CCS Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017.

[3] Pursuant to Section 3.2 of the Plan, however, if you are a holder of: (i) a Fee Claim; (ii) a 503(b)(9) Claim; (iii) an Administrative Expense Claim that has been Allowed on or before the Effective Date, including pursuant to the Plan; (iv) a SAP Rollover Claim; and/or (v) a Claim for U.S. Trustee Fees, you are excepted from the requirement of filing of an Administrative Expense Claim with respect to such Claim.

the basis of the Administrative Expense Claim, and (e) supporting documentation for the Administrative Expense Claim. **FAILURE TO FILE AND SERVE SUCH PROOF OF ADMINISTRATIVE EXPENSE CLAIM TIMELY AND PROPERLY SHALL RESULT IN THE ADMINISTRATIVE EXPENSE CLAIM BEING FOREVER BARRED AND DISCHARGED.**

4. Pursuant to Section 3.3 of the Plan and paragraph 18 of the Confirmation Order, each Professional who holds or asserts a Fee Claim, other than ordinary course professionals retained by the Debtors pursuant to an order(s) of the Bankruptcy Court, shall be required to file with the Bankruptcy Court, and serve on all parties required to receive notice, a Fee Application within forty-five (45) days after the Effective Date. Accordingly, all Fee Applications must be filed and served on or before **May 17, 2010**.[4] **FAILURE TO FILE AND SERVE SUCH FEE APPLICATION TIMELY AND PROPERLY SHALL RESULT IN THE FEE CLAIM BEING FOREVER BARRED AND DISCHARGED.**

5. Pursuant to Article X of the Plan and paragraph 16 of the Confirmation Order, any holder of a claim arising out of the rejection of an executory contract or unexpired lease pursuant to the Plan ("Rejection Claims"), must file a proof of claim with respect to any Rejection Claims by 4:00 p.m. (prevailing Eastern Time) on (a) **April 9, 2010**, which date is thirty (30) days after the filing of the Schedule of Rejected Contracts and Leases [Docket No. 919], or (b) to the extent not included on the Schedule of Rejected Contracts and Leases, the date that is thirty (30) days after entry of an order approving the rejection of an executory contract or unexpired lease pursuant to which the entity asserting the Rejection Claim is a party. **ANY REJECTION CLAIMS NOT FILED BY SUCH DATE ARE FOREVER BARRED FROM RECEIVING A DISTRIBUTION FROM THE DEBTORS, THE REORGANIZED DEBTORS OR THE ESTATES.**

Dated: Wilmington, Delaware
March 31, 2010

        Willkie Farr & Gallagher LLP
        787 Seventh Avenue
        New York, New York 10019-6099
        Telephone: (212) 728-8000

        -and-

        Young Conaway Stargatt & Taylor, LLP
        The Brandywine Building
        1000 West Street, 17th Floor
        Wilmington, Delaware 19801
        Telephone: (302) 571-6600

        *Co-Counsel to the Debtors and Debtors in Possession*

---

[4] Pursuant to Section 14.15 of the Plan and Bankruptcy Rule 9006, because the date that is forty-five days after the Effective Date falls on a Saturday, the deadline for filing Fee Claims is extended to the following Business Day, which is May 17, 2010.