UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br>CCS Medical Inc., et al.<br><br>Debtor | Chapter 11<br><br>Case No. 09-12390<br><br>Jointly Administered Under<br>Case No. 09-12390 (CSS) |

## NOTICE: FILING OF PARTIAL TRANSFER OF CLAIM PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 3001(e)(2)

NOTE: For purposes of this form, **transferor** refers to the claimant who is selling or otherwise assigning its claim, while **transferee** refers to the part who is purchasing or otherwise being assigned the claim.

> To: Cantor Fitzgerald Securities
> Attn Stephen P. Ewald Esq.
> 110 East 59th Street, 7th Floor
> New York, New York 10022

Please note that your claim number 493 in the amount of $2,342,000.00 has been partially transferred in the amount of $703,000.00 (**unless previously expunged by court order**) to:

> Standard General Master Fund L.P.
> Attn: Joe Mause
> 650 Madison Avenue, 26th Floor
> New York, New York 10022

No action is required if you do not object to the transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, YOU MUST, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, FILE A WRITTEN OBJECTION TO THE TRANSFER WITH:**

| | |
|---|---|
| US Bankruptcy Court<br>District of Delaware<br>824 North Market Street<br>3rd Floor<br>Wilmington, Delaware 19801 | Epiq Bankruptcy Solutions, LLC<br>CCS Medical, Inc.<br>Claims Processing Center<br>FDR Station, P.P. Box 5015<br>New York, New York 10150-5015 |

Send a copy of your objection to the transferee. If you file an objection, a hearing may be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED ON OUR RECORDS AS THE CLAIMANT.**

Date: 3/31/10          By: _____

Stephen P. Ewald
Managing Director

B BDB2 903093 v12904109-000004 03/17/2010



## NOTICE OF DISPOSITION OF HOLDINGS OR CHANGE OF ADDRESS OF HOLDER OF THE OUTSTANDING OBLIGATIONS UNDER THE SECOND LIEN CREDIT AGREEMENT, DATED AS OF SEPTEMBER 30, 2005 AMONG CCS MEDICAL, INC., CCS ACQUISITION HOLDING - SUB CORPORATION, THE OTHER DEBTORS, AND THE LENDERS PARTY THERETO

**CHANGE OF ADDRESS:**

Holder: _____

Held As Of Date: _____

Contact Name: _____

Previous Address: _____

New Address: _____

Amount of Holdings: _____

INDICATION OF DISPOSITION: — Effective Date 3-24-2010

Holder: Cantor Fitzgerald Securities

Held As Of Date: March 17, 2010

Contact Name: Murchison Taylor / Steve Ewald

Address: 110 East 59th Street, 7th Floor, NY, NY 10022

Amount of Holdings: $6,000,000.00

Amount Sold or Disposed of: $703,000.00

    **If Authorized to Disclose:**

New Holder: Standard General Master Fund L.P.

Contact Name: Michael Marchitto / Joe Mause

Address: 650 Madison Avenue, 26th Floor, NY, NY 10022

New Holder: _____

Contact Name: _____

Address: _____

ASSIGNMENT AND ACCEPTANCE

Reference is made to the Second Lien Credit Agreement, dated as of September 30, 2005 (as amended, supplemented or otherwise modified from time to time, the "Credit Agreement"), among CCS Acquisition, Inc., a Delaware corporation (the "Borrower"), CCS Acquisition Holding-Sub Corporation, a Delaware corporation ("Holdings"), the Lenders party thereto from time to time, Wachovia Bank, National Association, as administrative agent (in such capacity, the "Administrative Agent") for the Lenders, Bank of America, N.A., as syndication agent, JPMorgan Chase Bank, N.A., as documentation agent, and Wachovia Capital Markets, LLC and Banc of America Securities LLC, as joint lead arrangers and Wachovia Capital Markets, LLC, Banc of America Securities LLC and J.P. Morgan Securities Inc., as joint bookrunners. Unless otherwise defined herein, terms defined in the Credit Agreement and used herein shall have the meanings given to them in the Credit Agreement.

The Assignor identified on Schedule 1 hereto (the "Assignor") and the Assignee identified on Schedule 1 hereto (the "Assignee") agree as follows:

1. The Assignor hereby irrevocably sells and assigns to the Assignee without recourse to the Assignor, and the Assignee hereby irrevocably purchases and assumes from the Assignor without recourse to the Assignor, as of the Effective Date (as defined below), the interest described in Schedule 1 hereto (the "Assigned Interest") in and to the Assignor's rights and obligations under the Credit Agreement with respect to those credit facilities contained in the Credit Agreement as are set forth on Schedule 1 hereto (individually, an "Assigned Facility"; collectively, the "Assigned Facilities"), in a principal amount for each Assigned Facility as set forth on Schedule 1 hereto.

2. The Assignor (a) makes no representation or warranty and assumes no responsibility with respect to any statements, warranties or representations made in or in connection with the Credit Agreement or with respect to the execution, legality, validity, enforceability, genuineness, sufficiency or value of the Credit Agreement, any other Loan Document or any other instrument or document furnished pursuant thereto, other than that the Assignor has not created any adverse claim upon the interest being assigned by it hereunder and that such interest is free and clear of any such adverse claim and (b) makes no representation or warranty and assumes no responsibility with respect to the financial condition of the Borrower, any of its Affiliates or any other obligor or the performance or observance by the Borrower, any of its Affiliates or any other obligor of any of their respective obligations under the Credit Agreement or any other Loan Document or any other instrument or document furnished pursuant hereto or thereto.

3. The Assignee (a) represents and warrants that it is legally authorized to enter into this Assignment and Acceptance; (b) confirms that it has received a copy of the Credit Agreement, together with copies of the financial statements delivered pursuant to Section 3.05 thereof and such other documents and information as it has deemed appropriate to make its own credit analysis and decision to enter into this Assignment and Acceptance; (c) agrees that it will, independently and without reliance upon the Assignor, the Agents or any Lender and based on such documents and information as it shall deem appropriate at the time, continue to make its own credit decisions in taking or not taking action under the Credit Agreement, the other Loan

A-1

Documents or any other instrument or document furnished pursuant hereto or thereto; (d) appoints and authorizes the Administrative Agent to take such action as agent on its behalf and to exercise such powers and discretion under the Credit Agreement, the other Loan Documents or any other instrument or document furnished pursuant hereto or thereto as are delegated to the Administrative Agent by the terms thereof, together with such powers as are incidental thereto; and (e) agrees that it will be bound by the provisions of the Credit Agreement and will perform in accordance with its terms all the obligations which by the terms of the Credit Agreement are required to be performed by it as a Lender including, if it is organized under the laws of a jurisdiction outside the United States, its obligation pursuant to Section 2.15(e) of the Credit Agreement.

4. The effective date of this Assignment and Acceptance shall be the Effective Date of Assignment described in Schedule 1 hereto (the "<u>Effective Date</u>"). Following the execution of this Assignment and Acceptance, it will be delivered to the Administrative Agent for acceptance by it and recording by the Administrative Agent pursuant to the Credit Agreement, effective as of the Effective Date (which shall not, unless otherwise agreed to by the Administrative Agent, be earlier than five Business Days after the date of such acceptance and recording by the Administrative Agent).

5. Upon such acceptance and recording, from and after the Effective Date, the Administrative Agent shall make all payments in respect of the Assigned Interest (including payments of principal, interest, fees and other amounts) to the Assignor for amounts which have accrued to the Effective Date and to the Assignee for amounts which have accrued subsequent to the Effective Date.

6. From and after the Effective Date, (a) the Assignee shall be a party to the Credit Agreement and, to the extent provided in this Assignment and Acceptance, have the rights and obligations of a Lender thereunder and under the other Loan Documents and shall be bound by the provisions thereof and (b) the Assignor shall, to the extent provided in this Assignment and Acceptance, relinquish its rights and be released from its obligations under the Credit Agreement.

7. This Assignment and Acceptance shall be governed by and construed in accordance with the laws of the State of New York.

IN WITNESS WHEREOF, the parties hereto have caused this Assignment and Acceptance to be executed as of the date first above written by their respective duly authorized officers on Schedule 1 hereto.

**Schedule 1**
to Assignment and Acceptance with respect to the Credit Agreement,
dated as of September 30, 2005, among CCS Acquisition, Inc. ("Borrower"),
CCS Acquisition Holding-Sub Corporation ("Holdings"), the Lenders party thereto from time to time,
the Documentation Agent, Syndication Agent, Joint Lead Arrangers and Joint Bookrunners named therein and
Wachovia Bank, National Association, as Administrative Agent.

Name of Assignor: Cantor Fitzgerald Securities

Name of Assignee: Standard General Master Fund L.P.

Effective Date of Assignment: March 24, 2010

| Credit Facility Assigned | Principal Amount Assigned | Commitment Percentage Assigned |
|---|---|---|
| Loans | $703,000.00 | 0.639090909% |

STANDARD GENERAL MASTER FUND L.P.,
as Assignee

By: Standard General, LP
    as its investment manager

By: _____
Name: Joseph Mause
Title: Chief Financial Officer

CANTOR FITZGERALD SECURITIES,
as Assignor

By: _____/s/_____
Name: James Bond
Title: Chief Operating Officer

*[STEPHEN P. EWALD LEGAL DEPARTMENT APPROVED stamp]*

Accepted for Recordation in the Register:

Wachovia Bank, National Association,
as Administrative Agent

By: N/A
    Title:

Required Consents (if any):

CCS Acquisition, Inc.

By: N/A
    Title:

Wachovia Bank, National Association,
as Administrative Agent

By: N/A
    Title:

[ Signature Page – Assignment – CFS to Standard General (MF) TD10309]

STANDARD GENERAL MASTER FUND L.P.,
as Assignee
By: Standard General LP, its Investment Manager

By: ―――――――――――――――――
Name: Joseph Mause
Title: Chief Financial Officer

CANTOR FITZGERALD SECURITIES,
as Assignor

By: ―――――――――――――――――
Name: James Bond
Title: Chief Operating Officer


Accepted for Recordation in the Register:

Wachovia Bank, National Association,
as Administrative Agent

By: N/A
    Title:

Required Consents (if any):

CCS Acquisition, Inc.


By: N/A
    Title:

Wachovia Bank, National Association,
as Administrative Agent

By: N/A
    Title: